UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Federated Mutual Insurance Company, d/b/a Federated Insurance,<br><br>Plaintiff,<br><br>v.<br><br>Northern Underwriting Managers, Inc., Northern Illinois Insurance Agency, Inc.,<br><br>Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Federated Mutual Insurance Company ("Federated"), for its Complaint against Defendants Northern Underwriting Managers, Inc., and Northern Illinois Insurance Agency, Inc. (collectively, "Defendants"), states and alleges as follows:

PARTIES

1. Plaintiff Federated Mutual Insurance Company ("Federated") is a Minnesota insurance corporation, which does business as "Federated Insurance," and that owns Federated's intellectual property, including its trademarks and trademark registrations. Its principal place of business is located at 121 East Park Square, Owatonna, Minnesota 55060. Federated owns all right, title, and interest to various federally registered and common-law marks, including the federally registered mark bearing Reg. No. 3,530,807 ("SERVICE PAC®").

2. On information and belief, Defendant Northern Underwriting Managers, Inc. ("Northern Underwriting Managers") is an Illinois corporation with a principal place of business located at 6822 Cummins Drive, Rockford, Illinois 61114.

3. On information and belief, Defendant Northern Illinois Insurance Agency, Inc. ("Northern Illinois Insurance"), is an Illinois corporation with a principal place of business located at 6822 Cummins Drive, Rockford, Illinois 61114.

## JURISDICTION OF THE COURT

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Federated's state-law claims.

5. This Court has personal jurisdiction over Defendants because (1) they are all incorporated in the State of Illinois; (2) Defendants, on information and belief, do business in this judicial district; and (3) Defendants have transacted business in Illinois and/or have committed acts of trademark infringement, false advertising, unfair competition, and other unlawful acts within and/or outside Illinois that has caused injury in Illinois.

6. On information and belief, Defendants purposefully targeted their conduct toward residents of this District. Defendants knew that their infringing acts and the injury caused by them would be felt in Illinois. As such, Defendants should have reasonably anticipated being sued in this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(c) and 15 U.S.C. § 22 in that Defendants are all subject to personal jurisdiction in this District. Some or all of the illegal acts alleged herein were committed by Defendants in this District; the claims alleged in this action arose, at least in part, in this District; and Defendants regularly conduct business in this District.

2

## FEDERATED AND ITS MARKS

8. Federated is an insurer founded in 1904. It currently has more than 2,200 employees, operating in 48 states, including Illinois.

9. Since 2001, Federated has continuously used the SERVICE PAC® mark, including its use in interstate commerce in connection with the advertising, promotion, and sale of insurance services.

10. In 2008, Federated obtained a registration for SERVICE PAC on the Principal Register of the United States Patent and Trademark Office, U.S. Registration No. 3,530,807. A true and correct copy of this registration is attached as Exhibit A. This registration is valid, subsisting, enforceable, and incontestable under 15 U.S.C. § 1065.

11. Throughout its history, Federated and its affiliates have offered goods and services, including insurance policies in the following categories: home, property and casualty, group health, life, risk management, auto insurance, homeowners and renters insurance, personal umbrella, commercial inland marine, workers' compensation, general liability, and commercial fire.

12. Federated has substantially promoted the SERVICE PAC® mark, including on its policies and endorsements.

13. Since 2001, Federated's use of the SERVICE PAC® mark has been extensive. Federated has used the SERVICE PAC® mark in public advertising, its policies, and its endorsements.

14. As a result of its use and advertising, the SERVICE PAC® mark is now known throughout the United States, including in this judicial district, as identifying Federated as the source of its services and products.

## ACTIVITIES OF DEFENDANTS

15. Defendants Northern Underwriting Managers, Inc., Northern Illinois Insurance Agency, Inc. (collectively, "Defendants") have used the SERVICE PAC® mark in conjunction with their insurance products and services.

16. From March 2002 through October 2004, Todd Fendler was a Federated employee.

17. On information and belief, Todd Fendler became familiar with the SERVICE PAC® mark during his employment with Federated.

18. On information and belief, Todd Fendler began working for one or both Defendants in or around 2004.

19. Defendants have used the phrase "SERVICE-PAC" prominently on their website.

20. For example, the words "SERVICE-PAC" provided in large letters at the top of the Defendants' webpage. Below is a screenshot of one of Defendants' uses, which occurs at the following URL: http://northernum.com/index.php?page=prospective-agents



21. Below is a screenshot of another of Defendants' uses of the term "SERVICE-PAC," at http://northernum.com/adminpanel/grocery.php



22. On information and belief, Defendants underwrite and sell insurance in the following areas, among others: business owners policies (BOP), commercial package, liquor liability, employment practices liability insurance (EPLI), hired non-owned auto (delivery), umbrella, auto, worker's compensation, and inland marine.

23. On information and belief, Defendants underwrite and sell insurance in the following states: Illinois, Wisconsin, Iowa, Indian, Kentucky, Tennessee, Kansas, Missouri, and Michigan.

### EFFECT OF DEFENDANTS' ACTIVITIES ON THE CONSUMING PUBLIC AND FEDERATED

24. Defendants have violated Federated's intellectual-property rights in the SERVICE PAC® mark through their use of terms such as "HOSPITALITY SERVICE-PAC" and "SERVICE-PAC" as a standalone term. Such uses cause or are likely to cause confusion in the marketplace, improperly suggesting that Defendants is in some way related to, affiliated with, or otherwise sponsored by Federated.

25. On information and belief, Defendants' improper conduct has caused or is likely to cause consumers seeking to purchase services sold by Federated under the SERVICE PAC® mark to instead be directed to Defendants.

26. Defendants and Federated offer products and services in overlapping and similar markets, and they offer overlapping and similar products and services.

27. Defendants' unauthorized use of the SERVICE PAC® mark in the manner described above has caused or is likely to cause confusion, to cause mistake, and/or to deceive consumers as to some affiliation, connection or association of Defendants with Federated, or as to the origin, sponsorship, or approval of Defendants' websites, marketing, communications, and/or services by Federated.

28. Defendants' unauthorized use of the SERVICE PAC® mark in the manner described above falsely indicates to Federated's existing and prospective customers that Defendants' websites, marketing, communications, and/or services originate with Federated, or are affiliated, connected or associated with Federated, or are sponsored, endorsed, or approved by Federated, or are in some manner related to Federated and/or its services.

29. Defendants' unauthorized use of the SERVICE PAC® mark in the manner described above falsely designates the origin of Defendants' websites, marketing, communications, and/or services, and it falsely and misleadingly describes and represents facts with respect to Defendants and their websites, marketing, communications, and/or services.

30. Defendants' unauthorized use of the SERVICE PAC® mark in the manner described above enables Defendants to trade on and receive the benefit of goodwill in that mark, which Federated has built up at great labor and expense over many years. Defendants' unauthorized use also enables them to gain acceptance for their own websites, marketing, communications, and/or services, not solely on their own merits, but on the reputation and goodwill of Federated and the SERVICE PAC® mark.

31. Defendants' unauthorized use of the SERVICE PAC® mark in the manner described above removes from Federated the ability to control the nature and quality of

services provided under that mark, placing Federated's valuable reputation and goodwill in the hands of Defendants, over whom Federated has no control.

32. Defendants' activities have caused or are likely to cause irreparable injury to Federated, its goodwill and its customer relationships and, unless restrained by this Court, will continue to cause irreparable injury to Federated and to the public. There is no adequate remedy at law for this injury.

33. Defendants' activities have been deliberate and willful, with the intent to mislead consumers and inflict injury on Federated. This is an exceptional case under 15 U.S.C. § 1117(a).

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

34. Federated repeats the allegations above as if fully set forth here.

35. Defendants, through the conduct complained of in this Complaint, has infringed and continues to infringe – directly, contributorily, and/or by active inducement – Federated's federally registered SERVICE PAC® mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

36. Defendants' infringement has been deliberate and willful, making this an exceptional case under 15 U.S.C. § 1117(a).

37. As a result of Defendants' wrongful conduct, Federated is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

38. Federated is further entitled to damages in an amount to be proven at trial, trebled where appropriate, as well as recovery of all reasonably related attorneys' fees and costs

## COUNT II
### FEDERAL UNFAIR COMPETITION — 15 U.S.C. § 1125

39. Federated repeats the allegations above as if fully set forth here.

40. Defendants, through the actions alleged in this Complaint, have engaged in and continues to engage in — directly, contributorily, and/or by active inducement — unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendants' unfair competition has been deliberate and willful, making this an exceptional case under 15 U.S.C. § 1117(a).

42. As a result of Defendants' wrongful conduct, Federated is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

43. Federated is further entitled to damages in excess of $75,000, the exact amount to be proven at trial, trebled where appropriate, as well as recovery of all reasonably related attorneys' fees and costs.

## COUNT III
### FEDERAL FALSE ADVERTISING — 15 U.S.C. § 1125

44. Federated repeats the allegations above as if fully set forth here.

45. Defendants, through the conduct complained of above, have engaged in and continues to engage in — directly, contributorily, and/or by active inducement — false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Defendants' actions have been deliberate and willful, making this an exceptional case under 15 U.S.C. § 1117(a).

47. As a result of Defendants' wrongful conduct, Federated is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

48. Federated is further entitled to damages in excess of $75,000, the exact amount to be proven at trial, trebled where appropriate, as well as recovery of all reasonably related attorneys' fees and costs.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

49. Federated repeats the allegations above as if fully set forth here.

50. Defendants, through the actions alleged in this Complaint, have infringed and continue to infringe – directly, contributorily, and/or by active inducement – Federated's common-law marks in violation of the common law of Illinois and other states where Defendants have conducted their activities.

51. As a result of Defendants' wrongful conduct, Federated is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

52. Federated is further entitled to damages in excess of $75,000, the exact amount to be proven at trial, as well as recovery of all reasonably related attorneys' fees and costs.

## COUNT V
## COMMON LAW UNFAIR COMPETITION AND PASSING OFF

53. Federated repeats the allegations above as if fully set forth here.

54. Defendants, through the actions alleged in this Complaint, have engaged in and continues to engage in – directly, contributorily, and/or by active inducement – unfair competition and passing off in violation of the common law of Illinois and other states where Defendants have conducted their activities.

55. As a result of Defendants' wrongful conduct, Federated is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

56. Federated is further entitled to damages in excess of $75,000, the exact amount to be proven at trial, and recovery of all reasonably related attorneys' fees and costs.

## COUNT VI
## ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT
## (765 ILCS §§ 1036 *et seq.*)

57. Federated repeats the allegations above as if fully set forth here.

58. Defendants have unlawfully used, without the Federated's consent, the SERVICE PAC® mark.

59. Defendants' use of the SERVICE PAC® mark in connection with the sale, offering for sale, or advertising of services or goods have caused or is likely to cause confusion or mistake or to deceive as to the source or origin of those services or goods.

60. Defendants have reproduced, counterfeited, copied or colorably imitated the SERVICE PAC® mark and applied that mark to materials intended to be used upon or in conjunction with a sale or distribution in the State of Illinois.

61. Defendants' use of the SERVICE PAC® mark creates the likelihood of confusion, mistake and/or deception among consumers.

62. Defendants' acts were committed with the knowledge that such reproductions, counterfeits, copies or colorable imitations were intended to be used to cause confusion, or to cause mistake, or to deceive consumers.

63. Federated has been damaged as a consequence of Defendants' violation of the Illinois Trademark Registration and Protection Act.

64. As a result of Defendants' wrongful conduct, Federated is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

65. Federated is further entitled to damages in excess of $75,000, the exact amount to be proven at trial, as well as recovery of all reasonably related attorneys' fees and costs.

## COUNT VII
### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT.
### (815 ILCS §§ 510/1 *ET SEQ.*)

66. Federated repeats the allegations above as if fully set forth here.

67. Defendants have passed off services as those of Federated.

68. Defendants have caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification by Federated of the infringing services.

69. Defendants have caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Federated of the infringing services.

70. Defendants have disparaged the business of Federated by false or misleading representations of fact.

71. Upon information and belief, Defendants have willfully engaged in the deceptive trade practices described above.

72. Defendants' actions, detailed above, constitute violation of ICFDBPA.

73. On information and belief, Defendants' violations of the ICFDBPA have been willful.

74. As a consequence of Defendants' wrongful conduct, Federated has been damaged.

75. As a result of Defendants' wrongful conduct, Federated is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

76. Federated is further entitled to damages in excess of $75,000, the exact amount to be proven at trial, as well as recovery of all reasonably related attorneys' fees and costs.

### PRAYER FOR RELIEF

Wherefore, Federated prays that:

(a) Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from using the SERVICE PAC® mark, and any other mark, trade name, corporate name, domain name, URL or designation that is confusingly similar to any of the SERVICE PAC® mark or that is likely to dilute the distinctive qualities of the SERVICE PAC® mark;

(b) Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from directly or indirectly using in commerce or disseminating into the marketplace any materials, labels, promotional materials, advertising, or other goods containing any of the false and misleading statements described in this Complaint, or any advertising which communicates similar false messages;

(c) Defendants be required to permanently delete all website content and destroy all advertisements and all other business materials bearing or using the false and misleading uses identified in this Complaint.

(d) Defendants be required to show proof to the Court that they have removed all website content and have destroyed all advertisements and all other business materials bearing or using the false and misleading uses identified in this Complaint;

(e) Defendants be ordered to file with this Court and to serve upon Federated within thirty (30) days after the entry of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(f) Federated recover all damages it has sustained as a result of Defendants' activities and that those damages be trebled;

(g) An accounting be directed to determine Defendants' profits resulting from their activities, and that such profits be paid over to Federated, increased as the Court finds to be just under the circumstances of this case;

(h) Federated recover any exemplary damages permitted under state law;

(i) Federated recover its reasonable attorney fees;

(j) Federated recover its costs of this action and prejudgment and post-judgment interest; and

(k) Federated recover such other relief as the Court may deem appropriate.

May 13, 2014     **Katten Muchin Rosenman LLP**

By: /s/Emily J. Prentice
    Alexander S. Vesselinovitch (IL 3122893)
    Emily Prentice (IL 6277643)

    525 West Monroe Street
    Chicago, Illinois 60661

    T: 312-902-5200
    F: 312-902-1061
    avesselinovitch@kattenlaw.com
    emily.prentice@kattenlaw.com

**Robins, Kaplan, Miller & Ciresi L.L.P.**

    Thomas C. Mahlum MN Reg. No. 259391, *pro hac vice pending*
    Damien A. Riehl MN Reg. No. 322428, *pro hac vice pending*

    800 LaSalle Avenue
    2800 LaSalle Plaza
    Minneapolis, MN 55402-2015

    T: 612-349-8500
    F: 612-339-4181
    tcmahlum@rkmc.com
    dariehl@rkmc.com

*Attorneys for Plaintiff Federated Mutual Insurance Company*

84758041.8